# Exhibit A

STATE OF WISCONSIN          CIRCUIT COURT          MILWAUKEE

John Masnak vs. Optio Solutions, LLC          **Electronic Filing Notice**

Case No. 2021CV001407
Class Code: Money Judgment

FILED
03-04-2021
John Barrett
Clerk of Circuit Court
2021CV001407
Honorable Timothy
Witkowiak-22
Branch 22

OPTIO SOLUTIONS, LLC
1444 NORTH MCDOWELL BLVD.
PETALUMA CA 94954

Case number 2021CV001407 was electronically filed with/converted by the Milwaukee County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 414-278-4120.

Milwaukee County Circuit Court
Date: March 5, 2021

GF-180(CCAP), 06/2017 Electronic Filing Notice    §801.18(5)(d), Wisconsin Statutes
This form shall not be modified. It may be supplemented with additional material.

Case 2:21-cv-00680-SCD    Filed 06/02/21    Page 2 of 28    Document 1

**FILED**
**03-04-2021**
**John Barrett**
**Clerk of Circuit Court**
**2021CV001407**
**Honorable Timothy**
**Witkowiak-22**
**Branch 22**

**STATE OF WISCONSIN**      **CIRCUIT COURT**      **MILWAUKEE COUNTY**

JOHN MASNAK,
4260 South 1st Place
Milwaukee, WI 53207,

                 Plaintiff,

             v.

OPTIO SOLUTIONS, LLC
d/b/a QUALIA COLLECTION SERVICES.,
1444 North McDowell Boulevard
Petaluma, CA 94954,

                Defendant.

**SUMMONS**

Case No.:

Classification Code: 30301

**Jury Trial Demanded**

Amount claimed is greater than the amount under Wis. Stat. § 799.01(1)(d).

THE STATE OF WISCONSIN, To each person named above as a Defendant:

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within forty-five (45) days of receiving this Summons, you must respond with a written Answer, as that term is defined in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an Answer that does not follow the requirements of the Statutes. The Answer must be sent or delivered to the Court, whose address is: Clerk of Courts, 901 North 9th Street, Milwaukee, Wisconsin 53223, and to Plaintiffs' attorney, whose address is Ademi LLP, 3620 East Layton Avenue, Cudahy, Wisconsin 53110. You may have an attorney help or represent you.

If you do not provide an answer within forty-five (45) days, the Court may grant Judgment against you for the award of money or other legal action requested in the Complaint,

1

and you may lose your right to object to anything that is or may be incorrect in the Complaint. A Judgment may be enforced as provided by law. A Judgment awarding money may become a lien against any real estate you own now or in the future and may also be enforced by garnishment or seizure of property.

Dated:   March 4, 2021                                  ADEMI LLP

By: _Electronically signed by Mark A. Eldridge_
Mark A. Eldridge (State Bar No. 1089944)
*Attorney for Plaintiff*

<u>Mailing address:</u>
3620 East Layton Avenue
Cudahy, Wisconsin 53110
Phone No.: 414-482-8000

2

FILED
03-04-2021
John Barrett
Clerk of Circuit Court
2021CV001407
Honorable Timothy
Witkowiak-22
Branch 22

STATE OF WISCONSIN          CIRCUIT COURT          MILWAUKEE COUNTY
                            CIVIL DIVISION

---

JOHN MASNAK,                                  :
4260 South 1st Place                          :
Milwaukee, WI 53207,                          :     **COMPLAINT**
                                              :
                            Plaintiff,        :
                                              :     Case No.:_____
                                              :     Classification Code: 30301
              v.                              :
                                              :
OPTIO SOLUTIONS, LLC                          :
d/b/a QUALIA COLLECTION SERVICES.,            :     **<u>Jury Trial Demanded</u>**
1444 North McDowell Boulevard                 :
Petaluma, CA 94954,                           :
                                              :
                            Defendant.        :
                                              :

---

COMES NOW Plaintiff John Masnak, by Plaintiff's Attorneys, Ademi LLP, and for a

cause of action, states as follows:

## <u>INTRODUCTION</u>

1.      This class action seeks redress for collection practices that violate the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA") and Wisconsin Consumer Act,

Ch. 421-427, Wis. Stats. (the "WCA").

## <u>JURISDICTION AND VENUE</u>

2.      The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to Wis.

Stat. § 801.05(3). Defendant's collection activities were directed at Wisconsin residents in

Wisconsin. Venue in Milwaukee County is proper because the claim arose in Milwaukee County,

and Defendant attempted to collect a debt in connection with a consumer transaction that occurred

in Milwaukee County. Wis. Stat. §§ 801.50; 421.401(1)(a) ("The venue for a claim arising out of

a consumer transaction or a consumer credit transaction is the county: … Where the customer resides ….").

## PARTIES

3.     Plaintiff John Masnak is an individual who resides in Milwaukee County.

4.     Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from him a debt allegedly incurred for personal, family, or household purposes.

5.     Plaintiff is also a "customer" as defined in the WCA, Wis. Stat. § 421.301(17), in that the debt Defendant sought to collect from Plaintiff was incurred as a result of a consumer transaction.

6.     Defendant Optio Solutions, LLC d/b/a Qualia Collection Services ("Qualia") is foreign limited liability company with its principal offices located at 1444 North McDowell Blvd., Petaluma, CA 94954.

7.     Qualia is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8.     Qualia is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

9.     Qualia is a "debt collector" as defined in 15 U.S.C. § 1692a and Wis. Stat § 427.103(3).

## FACTS

10.     On or about December 7, 2020, Qualia mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "Capital One, N.A." ("Capital One"). A copy of this letter is attached to this complaint as Exhibit A.

2

11.     Upon information and belief, the alleged debt to which <u>Exhibit A</u> refers was incurred by use of a credit card, which was used for only personal, family, or household purposes.

12.     Upon information and belief, <u>Exhibit A</u> is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

13.     Upon information and belief, <u>Exhibit A</u> is a form debt collection letter used by Qualia to attempt to collect alleged debts.

14.     Upon information and belief, <u>Exhibit A</u> was the first written correspondence Defendant sent to Plaintiff in connection with the alleged debt referenced therein.

15.     <u>Exhibit A</u> includes the following representations, which largely reflect the statutory validation notice that the FDCPA, 15 U.S.C. § 1692g, requires the debt collector mail alleged debtors along with, or within five days of, the initial communication:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or a copy of a judgment against you and have such verification or judgment mailed to you. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

16.     The header of <u>Exhibit A</u> includes the following representations:

| ACCOUNT SUMMARY | |
|---|---|
| Original Creditor: | Kohl's Department Stores Inc. |
| Creditor: | Capital One N.A. |
| RE Your Kohl's Credit Card Account #: | XXXXXX1738 |
| Agency Account #: | 7674 |
| Principal: | $40.01 |
| Fees: | $255.00 |
| Interest: | $23.79 |
| Balance Due: | $318.80 |
| Settlement Amount: | $159.40 |

17.     <u>Exhibit A</u> thus identifies the "Original Creditor" of Plaintiff's alleged debt as "Kohl's Department Stores, Inc." ("Kohls").

3

18.    Upon information and belief, Kohl's is not and has never been a creditor of Plaintiff's alleged debt.

19.    In 2011, Capital One took over ownership of Kohl's store-branded credit accounts from Chase Bank, N.A. *See* Danielle Douglas, "Capital One Wins Deal to Back Kohl's Credit Cards," The Washington Post (April 10, 2011) https://www.washingtonpost.com/business/capitalbusiness/capital-one-wins-deal-to-back-kohls-credit-cards/2011/04/07/AFdmSlFD_story.html?utm_term=.c62c4e6e9cc2 (last visited February 14, 2021).

20.    Kohl's and Capital One are two distinct business entities.

21.    Upon information and belief, Kohl's has never issued or financed Kohl's store-branded credit accounts, either before or after Capital One acquired the portfolio of accounts.

22.    By identifying Kohls as the "Original Creditor" of Plaintiff's alleged debt, Exhibit A includes representations which are materially false, deceptive, and misleading as to the amount, character, and legal status of such debt. *See, e.g., Tourgeman v. Collins Fin. Servs.*, 755 F.3d 1109, 1121 (9th Cir. 2014) ("in the context of debt collection, the identity of a consumer's original creditor is a critical piece of information, and therefore its false identification in a dunning letter would be likely to mislead some consumers in a material way."), *as amended on denial of reh'g and reh'g en banc* (Oct. 31, 2014); *Moore v. Express Recovery Serv.*, No. 16-cv-126, 2019 U.S. Dist. LEXIS 718, at * (D. Utah Jan. 2, 2019) (collecting cases) ("A debt collector can violate [the FDCPA] by misstating or failing to state the original creditor on a collection letter."); *see also, Flores v. Collection Consultants of Cal.*, No. 14-cv-771, 2015 U.S. Dist. LEXIS 186981, at * 12-13 (C.D. Cal. June 2, 2015) (collecting cases) ("[C]ourts have routinely found that misstating or failing to identify the original creditor unquestionably could frustrate a consumer's ability to intelligently choose his or her response."); *Winslow v. Forster & Garbus, LLP*, 2017 U.S. Dist.

4

LEXIS 205113, at *28 (E.D.N.Y. Dec. 13, 2017); *Heathman v. Portfolio Recovery Assocs., LLC*, 2013 U.S. Dist. LEXIS 98742, at *13 (S.D. Calif. July 13, 2013) ("because Defendant's failure to identify Chase, the original creditor, is both deceptive and material under the least sophisticated consumer standard, it constitutes a violation of § 1692e."); *Scheunemann v. J.C. Christensen & Assocs.*, 802 F. Supp. 2d 981, 986 (E.D. Wis. July 18, 2011); *Zoerb v. Nat'l Collegiate Sutdent Loan Trust 2006-3*, No. 14-cv-468, 2017 U.S. Dist. LEXIS 53333, at *2 (S.D. Cal. Apr. 5, 2017) (approving class action settlement of claims that defendants "as assignees of student loan debts, failed to properly identify the original creditor in various state court collections actions.").

23.     Indeed, a dunning letter that identifies the merchant brand as the "creditor" of a merchant brand account does not actually identify the creditor to whom the debt is owed.  *See Rhodes v. Enhanced Recovery Co.*, No. 17-cv-04297-SEB-TAB, 2020 U.S. Dist. LEXIS 128241, at *11 (S.D. Ind. July 21, 2020) ("the mere fact that Kohl's participated in the credit card program with Capital One and played an active role in the servicing of the accounts does not necessarily convert Kohl's into a creditor, and certainly not into the creditor to whom the debt is owed.") (quoting *Bryan v. Credit Control, LLC*, 954 F.3d 576, 581 (2d Cir. 2020); *see also Gritters v. Ocwen Loan Servicing, LLC*, No. 14-c-916, 2018 U.S. Dist. LEXIS 63010, at *21-22 (N.D. Ill. Apr. 13, 2018) (debt collector violated FDCPA by identifying the servicer rather than the creditor of the debt because "whether Gritters understood Nationstar's role as servicer, previously knew that Freddie Mac owned the debt, or could have figured it out despite what Pierce had written, is all beyond the point.").

24.     Confusing and misleading representations about the name of the creditor are material misrepresentations because: (i) they create the potential for fraud or double-payments, and (ii) they make it difficult or impossible for consumers to track the chain of title to determine

the scope of any purported assignment, including whether the original creditor assigned any right to collect statutory or contractual interest.

25. Furthermore, the header of Exhibit A additionally lists a "Principal" associated with Plaintiff's alleged debt in the amount of $40.01, "Interest" in the amount of "$23.79," and "Fees" in the amount of "$255.00."

26. By itemizing "Interest" and other "Fees" at an amount greater than zero, Exhibit A implies that there could be additional interest or other fees added to the debt over time.

27. Upon information and belief, the credit card account referenced in Exhibit A has been charged-off, and Capital One therefore has ceased to assess any interest or other fees on the account as of the date of the letter.

28. On the face of Exhibit A, it is impossible to determine the amount that Defendant is attempting to collect because the letter is confusing as to whether the balance of the account is increasing as a result of interest and non-interest fees.

29. The unsophisticated consumer would be confused and misled as to whether the references to "Interest" and other "Fees" meant that the account was bearing interest and other fees, and thus may actually be greater than the balance stated in Exhibit A by the time the consumer actually received Exhibit A. *See, Chuway v. Nat'l Action Fin. Servs.*, 362 F.3d 944, 974-48 (7th Cir. 2004).

30. The debt collector does not state the amount of the debt clearly if it ambiguously implies that the debt collector may be collecting accruing interest or fees when the balance is not actually increasing. *Chuway*, 362 F.3d at 947:

> If the debt collector is trying to collect only the amount due on the date the letter is sent, then he complies with the Act by stating the "balance" due, stating that the creditor "has assigned your

6

delinquent account to our agency for collection," and asking the
recipient to remit the balance listed—and stopping there, without
talk of the "current" balance.

31.    Furthermore, there is no explanation in the letter as to what the non-interest "Fees"

are or would be.

32.    The unsophisticated consumer interprets references to "Fees" in collection letters,

as representations that the debt collector has a right to add charges to the alleged debt, and that

charges will be sought in future letters.

33.    Qualia and the creditor of Plaintiff's alleged debt, however, could not add any

collection fees to Plaintiff's account.

34.    As an unsecured consumer loan, the alleged debt referenced by <u>Exhibit A</u> is a

"consumer credit transaction" under the WCA, Wis. Stat. §§ 421-427.

35.    Wis. Stat. § 421.301(10) defines a "consumer credit transaction":

a consumer transaction between a merchant and a customer in which real or
personal property, services or money is acquired on credit and the
customer's obligation is payable in installments or for which credit a finance
charge is or may be imposed, whether such transaction is pursuant to an
open-end credit plan or is a transaction involving other than open-end credit.
The term includes consumer credit sales, consumer loans, consumer leases
and transactions pursuant to open-end credit plans.

36.    Plaintiff purchased personal, household goods with a credit card – Plaintiff is a

"customer," pursuant to Wis. Stat. § 421.301(17).

37.    The creditor is thus a "merchant" because it routinely lends money to consumers

like Plaintiff. Wis. Stat. § 421.301(25).  Defendant is also a merchant because it claims to have

taken assignment (at least for collection purposes) of that consumer loan, and is collecting on that

loan on behalf of the original creditor or some assignee.

7

38.    Plaintiff obtained money on credit from the original creditor.   Wis. Stat. § 421.301(14).

39.    Plaintiff's loan required Plaintiff to pay interest (i.e. a finance charge) to the original creditor or assignee, and the loan was payable in more than two installments.   Wis. Stat. §§ 421.301(20)(a), 421.301(30).

40.    The WCA specifically prohibits the attachment of collection fees and other "default charges" on consumer credit transactions, even if the fee is separately negotiated. Wis. Stat. § 422.413(1) provides:

> no term of a writing evidencing a consumer credit transaction may provide for any charges as a result of default by the customer other than reasonable expenses incurred in the disposition of collateral and such other charges as are specifically authorized by chs. 421 to 427.

*See also Patzka v. Viterbo College*, 917 F. Supp. 654, 659 (W.D. Wis. 1996).

41.    Neither Wis. Stat. § 422.202, entitled "Additional charges," nor any other section of the WCA, lists collection fees as a permissible fee a creditor may charge in connection with a consumer credit transaction.

42.    Since credit card purchases are consumer credit transactions, the nebulous reference to non-interest "Fees" in Exhibit A falsely represents or implies that Defendant has a right to add collection fees to the debt.

43.    Even if a provision of any agreement between Plaintiff and the original creditor would purport to permit Defendant to add a collection fee, the WCA prohibits such fees.  Wis. Stat. § 421.106(1) ("Except as otherwise provided in chs. 421 to 427, a customer may not waive or agree to forego rights or benefits under chs. 421 to 427."); *See also Lox v. CDA, Ltd.*, 689 F.3d.

8

818 (7th Cir. 2012) (false representation that attorney fees would be added when they could not be, violated 1692e).

44.    Further, the alleged debt has been accelerated, and there are no late fees that could conceivably be added to Plaintiff's alleged debt.  *E.g., Rodriguez v. Codilis & Assocs., P.C.*, No. 17-cv-3656, 2018 U.S. Dist. LEXIS 54898, at *11 (N.D. Ill. Mar. 30, 2018) ("As Rodriguez points out, BSI cannot impose late charges for failure to make monthly payments after a loan has been accelerated.") (citing *Rizzo v. Pierce & Assocs.*, 351 F.3d 791, 793 n.1 (7th Cir. 2003)).

45.    Plaintiff was confused and misled by Exhibit A.

46.    The unsophisticated consumer would be confused and misled by Exhibit A.

### *The FDCPA*

47.    Congress has described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

48.    15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

49.    15 U.S.C. § 1692e(2) specifically prohibits misleading representations as to "the character, amount, or legal status" of an alleged debt.

50.    15 U.S.C. § 1692e(5) specifically prohibits "the threat to take any action that cannot legally be taken or that is not intended to be taken."

9

51.     15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

52.     15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

53.     15 U.S.C. § 1692f(1) specifically prohibits the "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

### *The WCA*

54.     The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

55.     The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v. *Community Credit Plan, Inc.,* 228 Wis. 2d 1, 18 n**.**15, 596 N.W.2d 786 (1999) (citations omitted).

56.     To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301.

57.     To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies, including punitive damages. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stats. § 427.104.

58.     The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stats. § 422.202(1). The Act also provides

10

injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See* Wis. Stats. §§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

59.     Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

60.     Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

61.     Wis. Stat. § 427.104(1)(g) states that a debt collector may not: "Communicate with the customer … in such a manner as can reasonably be expected to threaten or harass the customer."

62.     Wis. Stat. § 427.104(1)(h) states that a debt collector may not: "Engage in other conduct which can reasonably be expected to threaten or harass the customer …."

63.     Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

64.     Wis. Stat. § 427.104(1)(L) states that a debt collector may not: "Threaten action against the customer unless like action is taken in regular course or is intended with respect to the particular debt."

11

## COUNT I – FDCPA

65.    Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

66.    By identifying the "Original Creditor" of Plaintiff's alleged debt as "Kohl's Department Stores, Inc.," Exhibit A includes representations which are false, deceptive, and misleading as to the amount, character, and legal status of the debt.

67.    Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a), and 1692e(10).

## COUNT II – FDCPA

68.    Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

69.    By itemizing an amount of "Interest" and "Fees," greater than zero, which were no longer being assessed, Exhibit A includes representations which are false, deceptive, and misleading and falsely threatens to assess such "Interest" and "Fees."

70.    Defendant thereby violated 15 U.S.C. §§ 1692e, 1692e(2)(a),1692e(5), and 1692e(10).

## COUNT III – WCA

71.    Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

72.    By itemizing an amount of "Interest" and "Fees," greater than zero, which were no longer being assessed, Exhibit A includes representations which are false, deceptive, and misleading and falsely threatens to assess such "Interest" and "Fees."

73.    Defendant thereby violated Wis. Stat. 427.104(1)(g), 427.104(1)(h), 427.104(1)(j), and 427.104(1)(L).

12

## CLASS ALLEGATIONS

74.    Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin, (b) who were sent a debt collection letter in the form of Exhibit A to the Complaint, (c) which identify "Kohl's Department Stores, Inc." as the "Original Creditor," (d) from March 4, 2020 through the present, (e) not returned by the postal-service.

75.    The class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the class.

76.    There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

77.    Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

78.    Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

79.    A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

80.    Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Classes and against Defendant for:

(a)    actual damages;

(b)    statutory damages;

(c)    injunctive relief;

13

(d)     attorneys' fees, litigation expenses and costs of suit; and

(e)     such other or further relief as the Court deems proper.

Dated:  March 4, 2021

**ADEMI LLP**

By:     /s/ Mark A. Eldridge
       John D. Blythin (SBN 1046105)
       Mark A. Eldridge (SBN 1089944)
       Jesse Fruchter (SBN 1097673)
       Ben J. Slatky (SBN 1106892)
       3620 East Layton Avenue
       Cudahy, WI 53110
       (414) 482-8000
       (414) 482-8001 (fax)
       jblythin@ademilaw.com
       meldridge@ademilaw.com
       jfruchter@ademilaw.com
       bslatky@ademilaw.com

14

**FILED**
**03-04-2021**
**John Barrett**
**Clerk of Circuit Court**
**2021CV001407**
**Honorable Timothy Witkowiak-22**
**Branch 22**

# EXHIBIT A



**QUALIA COLLECTION SERVICES**

1444 North McDowell Blvd
Petaluma, CA 94954
844-598-5454

**OFFICE HOURS**

Monday - Thursday 5:00AM to 7:00PM (PST)
Friday 5:00AM to 4:00PM (PST)
Saturday 5:00AM to 1:30PM (PST)

| ACCOUNT SUMMARY | |
|---|---|
| Original Creditor: | Kohl's Department Stores Inc. |
| Creditor: | Capital One N.A. |
| RE Your Kohl's Credit Card Account #: | XXXXXX1738 |
| Agency Account #: | 7674 |
| Principal: | $40.01 |
| Fees: | $255.00 |
| Interest: | $23.79 |
| Balance Due: | $318.80 |
| Settlement Amount: | $159.40 |

| PAYMENT OPTIONS | |
|---|---|
| | **Website:** www.payqcs.com |
| | **Pay By Phone:** 844-598-5454 |
| | **Mail:** 1444 North McDowell Blvd Petaluma, CA 94954 |

*(Please use the payment coupon and return envelope provided)*

8298

12/7/2020

Dear JOHN MASNAK:

### SETTLEMENT OFFER

Your account has been assigned to our agency for collection. The Creditor to whom the debit is owed is Capital One N.A..

We are willing to settle your account for 50% of the balance due. Once your payment in the amount of $159.40 is received and clears, your account will be closed and collection efforts will cease. This offer will expire 45 days from the date of this letter. We are not obligated to renew this offer. Our request for payment does not affect your rights as set forth below.

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or a copy of a judgment against you and have such verification or judgment mailed to you. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

### NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION

--------- Detach and Return with Payment ---------

1444 North McDowell Blvd
Petaluma, CA 94954

12/7/2020



| DEBIT CARD ONLY: FILL OUT BELOW | | |
|---|---|---|
| ☐ DEBIT CARD VISA   ☐ DEBIT CARD MASTERCARD | | |
| CARD NUMBER | EXP. DATE | AMOUNT |
| SIGNATURE | | |

| Agency Account #: | 7674 |
|---|---|
| Balance Due: | $318.80 |
| Settlement Amount: | $159.40 |

**MAKE CHECK OR MONEY ORDER PAYABLE TO:**

JOHN MASNAK
4260 S 1st Pl
Milwaukee, WI 53207-4924

Qualia Collection Services
1444 North McDowell Blvd
Petaluma, CA 94954

QCS / 5K / AAJ028858955     2113 / 000001057

We are required under state law to notify consumers of the following rights. This list does not contain a complete list of rights consumers have under state and federal law. Please find below important additional information for residents of the following states:

CALIFORNIA: The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

California Consumer Privacy Act Notice. We do not sell your personal information. We collect the following categories of personal information: Personal identifiers such as names, addresses and telephone numbers; identification numbers and account information, payment and other financial or personal history information; audio recordings; geographic information; education and employment information; other identifying information such as Internet and web site activity; and inferences drawn from any of the above information. These categories of personal information are used for the business purposes of debt collection, to fulfill the reason for which information is provided or obtained, and to comply with legal obligations. Our Privacy Policy, and information on how a consumer with a disability may access this notice in an alternate format, may be found at www.qualiacollectionservices.com/privacy-policy or by calling (855) 593 5046.

COLORADO: A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. The agency's local address and telephone number is 8690 Wolff Court, Suite 110 Westminster, CO 80031, 1-303-920-4763. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR.

MASSACHUSETTS: NOTICE OF IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector.

MINNESOTA: This collection agency is licensed by the Minnesota Department of Commerce.

NEVADA: If you pay or agree to pay the debt or any portion of the debt, the payment or agreement to pay may be construed as: (1) an acknowledgment of the debt by you; and (2) a waiver by you of any applicable statute of limitations set forth in NRS 11.190 that otherwise precludes the collection of the debt. If you do not understand or have questions concerning your legal rights or obligations relating to the debt, you should seek legal advice.

NEW YORK: New York City Department of Consumer Affairs License number 1254605. Call back name and phone number: Timothy Whalen at 1-800-433-5709 during normal business hours.

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: a) the use or threat of violence, b) the use of obscene or profane language; and c) repeated phone calls made with the intent to annoy, abuse, or harass. If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: 1) Supplemental Security Income (SSI); 2) Social Security; 3) public assistance (welfare); 4) spousal support, maintenance (alimony) or child support; 5) unemployment benefits; 6) disability benefits; 7) workers' compensation benefits; 8) public or private pensions; 9) veterans' benefits; 10) federal student loans, federal student grants, and federal work study funds; and 11) ninety percent of your wages or salary earned in the last sixty days.

This collection agency does not provide language access services or translations of communications into languages other than English. A translation and description of commonly-used debt collection terms is available in multiple languages on the New York City Department of Consumer Affairs' website, www.nyc.gov/dca.

NORTH CAROLINA: NC Dept. Ins. Permit # 4502

TENNESSEE: This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**STATE OF WISCONSIN**     **CIRCUIT COURT**     **MILWAUKEE COUNTY**

John Masnak vs. Optio Solutions, LLC        **Electronic Notice**
**Status Change**

Case No: 2021CV001407

OPTIO SOLUTIONS, LLC
1444 NORTH MCDOWELL BLVD.
PETALUMA CA 94954

For 2021CV001407, the electronic notice preference for John D. Blythin, Wisconsin attorney for John Masnak, has changed.

John D. Blythin has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 414-278-4120.

Milwaukee County Circuit Court
Date: April 16, 2021

**STATE OF WISCONSIN**    **CIRCUIT COURT**    **MILWAUKEE COUNTY**

John Masnak vs. Optio Solutions, LLC

**Electronic Notice
Status Change**

Case No: 2021CV001407

JESSE FRUCHTER
3620 EAST LAYTON AVENUE
CUDAHY WI 53110

For 2021CV001407, the electronic notice preference for John D. Blythin, Wisconsin attorney for John Masnak, has changed.

John D. Blythin has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 414-278-4120.

Milwaukee County Circuit Court
Date: April 16, 2021

GF-208(CCAP), 03/2010 Electronic Notice Status Change

This form shall not be modified. It may be supplemented with additional material.

**STATE OF WISCONSIN**    **CIRCUIT COURT**    **MILWAUKEE COUNTY**

John Masnak vs. Optio Solutions, LLC    **Electronic Notice**
**Status Change**

Case No: 2021CV001407

BEN J SLATKY
3620 EAST LAYTON AVENUE
CUDAHY WI 53110

For 2021CV001407, the electronic notice preference for John D. Blythin, Wisconsin attorney for John Masnak, has changed.

John D. Blythin has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 414-278-4120.

Milwaukee County Circuit Court
Date: April 16, 2021

**FILED**
**05-27-2021**
**John Barrett**
**Clerk of Circuit Court**
**2021CV001407**

**STATE OF WISCONSIN**    **CIRCUIT COURT**    **MILWAUKEE COUNTY**

John Masnak vs. Optio Solutions, LLC

**Notice of Assignment of Judge**

Case No. 2021CV001407

COURT ORIGINAL

The following judge has been assigned to this case:

Timothy Witkowiak-22
Milwaukee County Courthouse, Room 415
901 N. Ninth Street
Milwaukee, WI 53233

Please Note:

- **All original court pleadings must be filed with the Clerk of Circuit Court for Milwaukee County.**

- If assignment is an out-of-county judge, access to the record should be provided to the assigned judge.

- All scheduling should be done by the assigned judge.

- Other: Effective July 31, 2021, this case is assigned to Branch 44, the Honorable Gwendolyn G. Connolly, Courthouse Room 415.

Milwaukee County Circuit Court
Date: May 27, 2021

**Distribution:**

| | Address | City | State | Zip | Personal Service | Mail/Phone Notice | Electronic Notice |
|---|---|---|---|---|---|---|---|
| Court Original | | | | | | | |
| Jesse Fruchter | 3620 East Layton Avenue | Cudahy | WI | 53110 | _____ | _____ | _____ |
| Ben J Slatky | 3620 East Layton Avenue | Cudahy | WI | 53110 | _____ | _____ | _____ |
| John D. Blythin | 3620 E. Layton Ave. | Cudahy | WI | 53110 | _____ | _____ | x |
| Mark A. Eldridge | 3620 E. Layton Ave. | Cudahy | WI | 53110 | _____ | _____ | x |
| Optio Solutions, LLC | 1444 North McDowell Blvd. | Petaluma | CA | 94954 | _____ | _____ | _____ |

GF-144(CCAP), 02/2017 Notice of Assignment of Judge    § 801.59, Wisconsin Statutes
This form shall not be modified. It may be supplemented with additional material.

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **MILWAUKEE COUNTY**

John Masnak vs. Optio Solutions, LLC                    **Electronic Notice**
                                                        **Status Change**

                                                        Case No: 2021CV001407

JESSE FRUCHTER
3620 EAST LAYTON AVENUE
CUDAHY WI 53110

For 2021CV001407, the electronic notice preference for James C Kovacs, Wisconsin attorney for Optio Solutions, LLC, has changed.

James C Kovacs has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 414-278-4120.

Milwaukee County Circuit Court
Date: June 2, 2021

This form shall not be modified. It may be supplemented with additional material.

**STATE OF WISCONSIN**        **CIRCUIT COURT**        **MILWAUKEE COUNTY**

John Masnak vs. Optio Solutions, LLC                **Electronic Notice**
                                                    **Status Change**

                                                    Case No: 2021CV001407

BEN J SLATKY
3620 EAST LAYTON AVENUE
CUDAHY WI 53110

For 2021CV001407, the electronic notice preference for James C Kovacs, Wisconsin attorney for Optio Solutions, LLC, has changed.

James C Kovacs has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 414-278-4120.

Milwaukee County Circuit Court
Date: June 2, 2021

FILED
06-02-2021
John Barrett
Clerk of Circuit Court
2021CV001407

**STATE OF WISCONSIN**     **CIRCUIT COURT**     **MILWAUKEE COUNTY**

JOHN MASNAK,
4260 South 1st Place            Case No.:2021CV001407
Milwaukee, WI 53207,

           Plaintiff,            Classification Code: 30301

vs.

OPTIO SOLUTIONS, LLC
d/b/a QUALIA COLLECTION SERVICES
1444 North McDowell Boulevard
Petaluma, CA 94954,

           Defendant.

---

### NOTICE OF RETAINER OF JAMES C. KOVACS

PLEASE TAKE NOTICE that the undersigned attorney with the law firm of Bassford Remele, A Professional Association, has been retained by and shall appear as counsel of record for Defendant Option Solutions, LLC d/b/a Qualia Collection Services in the above-entitled action, and requests that copies of any and all papers be served upon the undersigned at the address set forth below.

           **BASSFORD REMELE**
           *A Professional Association*

Dated: June 2, 2021            By *s/ James C. Kovacs*
           James C. Kovacs (WI #1120086)
           100 South Fifth Street, Suite 1500
           Minneapolis, Minnesota 55402-3707
           Phone: (612) 333-3000
           Fax: (612) 333-8829
           Email: jkkovacs@bassford.com

           ***Attorneys for Defendant***