UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHN MASNAK,

                Plaintiff,

v.

OPTIO SOLUTIONS, LLC,

                Defendant.

Case No. 21-CV-680-JPS

**ORDER**

---

On March 4, 2021, John Masnak ("Masnak") filed a complaint in the Milwaukee County Circuit Court (the "State Court").[1] Therein, Masnak alleges that Optio Solutions, LLC ("Optio") violated the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Wisconsin Consumer Act, Wis. Stats. §§ 421–427 (the "WCA"). ECF No. 1-1 at 5. On June 2, 2021, Optio filed a notice of removal, which, in turn, brought this matter before the Court. ECF No. 1. On February 16, 2022, Masnak filed a motion to remand this matter back to the State Court, citing lack of federal subject-matter jurisdiction. ECF No. 15. That motion is fully briefed, and, for the reasons stated below, the Court will grant it.

1. **LEGAL STANDARD**

Standing is considered an "essential ingredient of subject-matter jurisdiction," and, as such, is a "threshold requirement because it derives from the Constitution's limit on federal courts' authority to resolve 'cases' and 'controversies.'" *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 278

---

[1] *Masnak v. Optio Solutions, LLC*, 2021CV001407 (Milwaukee Cnty. Cir. Ct.) *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2021CV001407&countyNo=40&index=0 (last visited Apr. 11, 2022).

(7th Cir. 2020) (quoting U.S. Const. art. III, § 2, cl. 1). "If the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve." *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019). In other words, the plaintiff must show that he or she has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). An "injury in fact" is both (1) particularized, meaning that it affects the plaintiff in a personal and individual way, and (2) concrete, meaning that the injury actually exists. *Spokeo*, 136 S. Ct. at 1548. When a case is removed from state court, the removing party bears the burden of showing that the case satisfies Article III. *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018). A plaintiff who has filed an action in state court is entitled to a remand order unless the defendant establishes subject-matter jurisdiction. *Id.*

## 2. RELEVANT ALLEGATIONS

On or about January 24, 2020, Optio mailed a debt collection letter (the "Letter") to Masnak regarding an alleged consumer debt owed to Capital One, N.A. ("Capital One") for a Kohl's credit card account. ECF No. 16 at 2. According to Masnak, the Letter identifies Kohl's as the "Original Creditor" of Masnak's alleged debt; Masnak alleges, however, that Kohl's was never actually a creditor for purposes of the FDCPA. *Id.* Furthermore, the header of the Letter provides an allegedly misleading itemization of the debt, stating a "Principal" amount of $40.01, an "Interest" amount of $23.79, and a "Fees" amount of $255.00. *Id.* By itemizing "Interest" and other "Fees" at an amount greater than zero, Masnak argues, the Letter implies that

additional interest or other fees may continue to accrue. *Id.* at 2–3. Masnak maintains that no additional interest or fees could be added to the debt because the debt had already been charged off, precluding interest since Capital One had ceased sending monthly statements. *Id.* at 3.

On March 4, 2021, Masnak filed the present action in the State Court. Therein, he states that the Letter "includes representations which are materially false, deceptive, and misleading as to the amount, character, and legal status of such debt," in violation of the FDCPA. ECF No. 1-1 ¶¶ 47– 53. Masnak states the because of the Letter, he was "confused and misled." *Id.* ¶ 45. The parties now argue whether this Court has subject-matter jurisdiction over the case, specifically whether Plaintiff has adequately alleged an injury in fact.

3. **ANALYSIS**

The Seventh Circuit has unequivocally explained that a federal court does not have subject-matter jurisdiction over an FDCPA action unless "the violation [of the FDCPA] . . . harmed or presented an appreciable risk of harm to the underlying concrete interest that Congress sought to protect." *Markakos v. Medicredit, Inc.*, 997 F.3d 778, 779–80 (7th Cir. 2021) (collecting a "slew" of cases) (internal citations and quotations omitted); *see also Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060, 1066 (7th Cir. 2020). ("[I]t's not enough for an FDCPA plaintiff to simply allege a statutory violation."). For example, "an FDCPA violation might cause harm if it leads a plaintiff to pay extra money, affects a plaintiff's credit, or otherwise alters a plaintiff's response to a debt." *Id.* at 780. Importantly, mere confusion and aggravation caused by an FDCPA violation "are not injuries in fact in this context." *Id.* at 781. An "informational" injury cannot sustain Article III standing. *Id.* at 780.

Here, Masnak's claims are not distinguishable from those in the Seventh Circuit's recent (but extensive) line of cases on Article III standing in FDCPA cases. Masnak only complains that he was "confused and misled." ECF No. 1-1 at ¶ 45; *see Markakos*, 997 F.3d at 781. He has not pled that he took any action to his detriment in reliance upon the misrepresentation; he did not expedite payment of this debt or prioritize this debt over other debts; he did not pay the debt as a result of the letter; he did not seek medical or psychological help due to the stress of receiving the letter. In response to Masnak's motion, Optio invites the Court to consider several decisions that predate the Seventh Circuit's recent cases to support the proposition that Masnak's complaint alleges a violation that created "an appreciable risk of harm." Specifically, Optio relies on *Haddad v. Midland Funding*, LLC, 255 F. Supp. 3d 735, 743 (N.D. Ill. 2017) ("[T]he harm of receiving misleading information in violation a statutory right to truthful information is concrete."). ECF No. 17 at 7. But the Seventh Circuit has since been explicit: a plaintiff who "didn't make a payment, promise to do so, or other-wise act to her [or his] detriment in response to anything *in or omitted from* [a debt-related] letter" cannot establish standing. *Pierre v. Midland Credit Mgmt., Inc.*, No. 19-2993, 2022 WL 986441, at *4 (7th Cir. Apr. 1, 2022) (emphasis added). Seventh Circuit authority makes clear that Masnak does not have Article III standing, and this case should be remanded to the State Court.

4.  **FEES AND COSTS**

Masnak has also asked that the Court award fees and costs incurred in connection with the improper removal of this case to federal court. ECF No. 16 at 9–13. The removal statute provides that a district court may award a plaintiff costs and fees upon remand. 28 U.S.C. § 1447(c) ("An order

remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). A court may award costs and fees upon remand under "unusual circumstances" or if the defendant did not have "an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, Defendant did not have an objectively reasonable basis on which to remove this case to federal court. At the time this case was removed—and certainly while the parties briefed Masnak's motion to remand—there was no "paucity [in] appellate authority" such that Optio was reasonable in removing this case. *See Wisconsin v. Amgen, Inc.*, 516 F.3d 530, 534 (7th Cir. 2008). As discussed above, the Seventh Circuit has been clear and explicit about the requirements to establish standing in FDCPA cases. The cases discussing this issue have been issued recently and *en masse*. Plaintiff filed this case in the State Court, and the case should have remained in there.

5. **CONCLUSION**

The Court does not have subject-matter jurisdiction over this case. The Court will grant Masnak's motion, ECF No. 15, and remand this case to the State Court. The Court will also grant Masnak's request to award him reasonable costs and fees in connection to the improper removal of this case. Finally, the Court will deny as moot Optio's motion for judgment on the pleadings, ECF No. 13.

Accordingly,

**IT IS ORDERED** that Plaintiff John Masnak's motion to remand, ECF No. 15, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this case be and the same is hereby **REMANDED** to the Milwaukee County Circuit Court for all further proceedings;

**IT IS FURTHER ORDERED** that reasonable fees and costs be and the same are hereby awarded to Plaintiff John Masnak in connection with the improper removal of this case; and

**IT IS FURTHER ORDERED** that Defendant Optio Solution, LLC's motion for judgment on the pleadings, ECF No. 13, be and the same is hereby **DENIED as moot**.

The Clerk of Court is directed to take all appropriate steps to effectuate the remand of this case.

Dated at Milwaukee, Wisconsin, this 13th day of April, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

Page 6 of 6
Case 2:21-cv-00680-JPS   Filed 04/13/22   Page 6 of 6   Document 19